LATHAM & WATKINS LLP
  David J. Schindler (Bar No. 130490)
   *david.schindler@lw.com*
  Joseph B. Farrell (Bar No. 137435)
   *joe.farrell@lw.com*
  R. Peter Durning, Jr. (Bar No. 277968)
   *peter.durning@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

Attorneys for Plaintiff
SCAN Health Plan

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| SCAN HEALTH PLAN, a California corporation, | CASE NO. 2:16-CV-06257-MWF-JEM |
| Plaintiff, | |
| v. | **STIPULATION AND PROTECTIVE ORDER** |
| BRADLEY JOSEPH LINA, an individual, CHRISTOPHER JOSEPH MORRIS, an individual, ERIK PEREZ, an individual, GIOVANI CRUZ, an individual, NEWLAND ADAM'S INSURANCE AGENCY LLC, a California company, and JOHN DOE 4 THROUGH 10, whose true names are unknown, | [Discovery Document: Referred to Magistrate Judge John E. McDermott] |
| Defendants. | |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

**1.     Purposes and Limitations**

(a)     Discovery in this action is likely to involve production of confidential, sensitive, proprietary, or private information—including but not limited to confidential health information, data governance, data management, trade secrets, operating plans, market analyses, nonpublic contracts, negotiating positions, business negotiation strategies, and financial information—that could cause business, competitive, and personal harm if disclosed (or disclosed without restrictions) to the general public.  To avoid these harms, special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

(b)     Plaintiff SCAN and Defendants (each individually a "Party" and collectively the "Parties") acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable law.

(c)     The Parties further acknowledge (except as set forth in Sections 10 and 12, below) that this Stipulated Protective Order does not entitle them to file confidential information under seal.  Civil Local Rules 79-5, 79-6, and 79-7, the Procedures of Judge Michael W. Fitzgerald (available at http://www.cacd. uscourts.gov/honorable-michael-w-fitzgerald), and the Procedures of Magistrate Judge John E. McDermott (available at https://www.cacd.uscourts.gov/honorable-john-e-mcdermott) set forth the procedures that must be followed, and the standards that will be applied, when a Party (or Non-Party) seeks permission from the Court to file material under seal.

**2.     Good Cause Statement**

This action is likely to involve development, commercial, financial, technical, proprietary, and/or personal health information for which special protection from

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
LOS ANGELES

1

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of this litigation, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 3. Definitions

(a) "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this Order.

(b) "Confidential Information" shall mean Personal Health Information, personal identifying and sensitive information, trade secrets or other confidential research, development, or commercially sensitive information (regardless of how it is generated, stored, or maintained) that has not been published or otherwise made available to the general public (including but not limited to information within the ambit of Rule 26(c) of the Federal Rules of Civil Procedure), or any Material

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

containing such information. Material designated "CONFIDENTIAL" shall be Confidential Information.

(c)     "Designating Party" shall mean, with respect to any Material, the Party or Non-Party that designates (or wishes to designate) such Material as Protected Information under this Order.

(d)     "Discovery Document(s)" shall mean anything provided in response to a request made under Rules 33, 34, or 36 of the Federal Rules of Civil Procedure, any disclosure made pursuant to Rule 26(a) or (e), and the transcript of any deposition taken in this action.

(e)     "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as an independent consultant in this action.

(f)     "Highly Confidential Information" shall mean extremely sensitive Confidential Information, the disclosure of which would create a substantial risk of serious and irremediable harm to the Designating Party. Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be Highly Confidential Information.

(g)     "Legend" shall mean an appropriate legend or other form of notation used by the Designating Party to designate Protected Information. For avoidance of doubt, an appropriate legend shall include "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or their substantial equivalents, as the context may require.

(h)     "Material" shall mean all Discovery Documents, and shall also include any materials, documents, electronically stored information, or tangible things proffered as evidence at trial or in connection with any motion, opposition, reply, application, or other submission to the Court.

(i)     "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity that is not a plaintiff or defendant (and is not

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

otherwise joined to this action by any pleading), including all of such Non-Party's officers, directors, employees, consultants, and retained Experts, as well as counsel and their support staff.

(j)    "PHI" (which stands for Protected Health Information) has the same scope and definition as set forth in 45 C.F.R. § 160.103.  Without limiting the generality of the foregoing, PHI includes, but is not limited to, health information, including demographic information, relating to:  the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual.  It also includes, but is not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from PHI, regardless of form or format.  PHI also includes information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member, to the extent it is linked to PHI as defined in 45 C.F.R. § 160.103:

(i)    names;

(ii)    all geographic subdivisions smaller than a state, including street address, city, county, precinct, and zip code;

(iii)    all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

(iv)    telephone numbers;

(v)    fax numbers;

(vi)    electronic mail addresses;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

(vii)  social security numbers;

(viii) medical record numbers;

(ix)   health plan beneficiary numbers;

(x)    account numbers;

(xi)   certificate/license numbers;

(xii)  vehicle identifiers and serial numbers, including license plate numbers;

(xiii) device identifiers and serial numbers;

(xiv)  web universal resource locators ("URLs");

(xv)   internet protocol ("IP") address numbers;

(xvi)  biometric identifiers, including finger and voice prints;

(xvii) full-face photographic images and any comparable images;

(xviii) any other unique identifying number, characteristic, or code; and

(xix)  any other information that the Producing Party knows could be used alone or in combination with other information to identify an individual who is subject of the information.

(k)    "Producing Party" shall mean a Party or Non-Party that produces Material in this action.

(l)    "Protected Information" shall mean (individually or collectively as the context may require) any Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

(m)    "Receiving Party" shall mean, with respect to any Material designated as Protected Information under this Order, the Party or Non-Party that receives such Material.

**4.    Scope of Order**

This Order applies to Protected Information and (i) any information copied or extracted from Protected Information, (ii) all copies, excerpts, summaries, or compilations of Protected Information, and (iii) any testimony, conversations, or

LATHAM&WATKINS┴┴┴
ATTORNEYS AT LAW
LOS ANGELES

5

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

presentations by Parties (or Non-Parties) or their counsel that might reveal Protected Information.

This Order does not apply to Material or information that (i) the Designating Party agrees, or the Court rules, is already public knowledge, (ii) the Designating Party agrees, or the Court rules, has become public knowledge other than as a result of disclosure by a Receiving Party in violation of this Order, or (iii) has come into a Receiving Party's lawful and legitimate possession independently of the Designating Party.

5. **Procedure for Making Designations**

Material designated as Protected Information shall be designated and marked as follows:

(a) <u>Images</u>: Material produced in the form of a visual image (including but not limited to paper Material, TIFF files, PDF files, or other media commonly used for the preservation and presentation of static visual data) may be designated as Protected Information by placing an appropriate Legend on the Material. Unless the Parties (or Non-Parties) otherwise agree, the Legend shall be placed upon the first page of the Material and on each page that contains Protected Information.

(b) <u>Native Documents</u>: Material produced in native format (including but not limited to Material produced in Excel, or audio or video files) may be designated as Protected Information by producing a TIFF file (or similar electronic) placeholder image corresponding to the native Material with an appropriate Legend, and by including that Legend in the file name of the native Material where practicable. The Producing Party shall ensure that metadata identifying the original file name of the native Material is not destroyed if the Legend is produced in the file name of the native Material.

(c) <u>Physical Media</u>: Material produced in a physical medium may be designated as Protected Information by placing an appropriate Legend on the medium, if possible, and its container, if any.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

(d)  <u>Written Discovery</u>:  Discovery Material (including but not limited to responses to interrogatories, or portions thereof) may be designated as Protected Information by placing an appropriate Legend on the Discovery Material.  Unless the Parties (or Non-Parties) otherwise agree, the Legend shall be placed only upon the enumerated responses containing Protected Information.

(e)  <u>Depositions</u>:  With respect to the transcript of any deposition taken in this action, and unless otherwise agreed at the deposition and on the record, the entire deposition transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until thirty (30) days after the final deposition transcript is sent to counsel for the witness.  After the expiration of that period, only those parts of the deposition transcript specifically designated by a Designating Party shall be treated as Protected Information.  The Designating Party shall make reasonable efforts to limit any claims of Protected Information to those specific questions and answers in which such designations are warranted, and shall provide notice (as set forth in Section 17, below) of the pages and lines so designated.

**6.  Procedure for Challenging Designations**

(a)  <u>Timing of Challenges</u>:  Any Receiving Party may, in good faith, challenge the designation of any Material as Protected Information by giving notice (as set forth in Section 17, below) to the Designating Party, and identifying the challenged Material in the manner set forth in subsection (b) below.  A Receiving Party may challenge the designation of Material as Protected Information at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b)  <u>Meet and Confer:</u> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of the notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c)     Motion Practice: If the Parties (or, if applicable, Non-Parties) cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain its confidentiality designation under Civil Local Rule 37-1 *et seq.* (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of the voice to voice dialogue as described in Section 6(b). Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Unless the Designating Party and Challenging Party agree in writing to a longer period, failure by the Designating Party to make such a motion (including the required declaration) within 14 days of the voice to voice dialogue as described in Section 6(b) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time (including a challenge to the designation of a deposition transcript or any portions thereof), provided that any such motion brought must be accompanied by a competent declaration affirming that the movant has

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

complied with the meet and confer requirements imposed by the preceding paragraph. The Designating Party shall bear the burden of supporting its designation. Frivolous challenges, and those made for an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All motion practice will comply with the procedures and deadlines set in Local Rule 37-1 *et seq.* Nothing in this subsection shall prevent the submission of a stipulated alternative briefing schedule to the Court for approval.

(d) <u>Treatment of Material While a Challenge Is Pending</u>: In the event that a timely motion to confirm a challenged confidentiality designation is made, the Material giving rise to the challenge shall continue to be treated as Protected Information (in accordance with the particular confidentiality designation given to the Material by the Designating Party) unless and until the Court orders otherwise or the Designating Party agrees otherwise.

(e) <u>Results of a Successful Challenge</u>: In the event that a motion to confirm a challenged confidentiality designation is denied, the Designating Party shall (i) remove or modify (consistent with the Court's order) the Legend from the Material giving rise to the challenge, and (ii) no later than seven (7) days following entry of the Court's order, provide the Receiving Party with a version of the Material with such Legend removed or modified.

**7. Inadvertent Non-Designation or Incorrect Designation**

(a) <u>No Waiver of Designation Rights</u>: The failure to designate Protected Information with an appropriate Legend before or at the time of disclosure shall not itself operate as a waiver of a Designating Party's right to so designate such information at a later date.

(b) <u>Obligations of Designating Party</u>: If a Designating Party discovers that it produced Protected Information without an appropriate Legend, the Designating Party may, within a reasonably prompt time following its discovery of that

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

inadvertent non-designation, notify the Receiving Party in writing of the error and identify (by production Bates number, if applicable) the affected Material and its new designation. Promptly after providing such notice, the Designating Party shall provide re-labeled copies of the Material (reflecting the new designation) to each Receiving Party.

(c) <u>Obligations of Receiving Party</u>: The Receiving Party (or Receiving Parties) will replace the inadvertently non-designated Material with the newly designated Material, and will make reasonable efforts to destroy the non-designated version of the Material. In the event the Receiving Party had already disclosed incorrectly designated or non-designated Material to any person(s) that would not be authorized under this Order to review that Material (if it had been properly designated), the Receiving Party shall make reasonable efforts to retrieve the Material promptly and shall promptly notify the Designating Party of the distribution and the identity of the person(s) who received the Material.

**8. Inadvertent Production of Privileged or Otherwise Protected Material**

(a) <u>No Waiver of Privilege or Clawback Rights</u>: The inadvertent production or disclosure of any Material containing information that is privileged, protected, or otherwise immune from discovery or disclosure (including but not limited to information protected by the attorney-client privilege, the attorney work product doctrine, or Rule 26(b)(5) of the Federal Rules of Civil Procedure) shall not constitute a waiver or impairment of any right to assert an appropriate privilege, protection, or immunity over such information, in this or any other action. The Parties (and, to the extent applicable, Non-Parties) intend for the maximum protections against inadvertent waiver of privilege provided by Rule 502 of the Federal Rules of Evidence to apply.

(b) <u>Obligations of Party Asserting Privilege</u>: Any Party (or, if applicable, Non-Party) asserting a privilege, protection, or immunity from disclosure over any Material previously and inadvertently disclosed shall promptly give notice (as set

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

forth in Section 17, below) to all Parties (or Non-Parties) that may possess the inadvertently disclosed Material. Such notice shall (i) be conspicuously titled "CLAWBACK NOTICE" or the equivalent thereof, (ii) identify the Material at issue (by production Bates number, if applicable), (iii) state whether the entirety of the Material is privileged, protected, or immune from disclosure, or whether it will be re-disclosed with appropriate redactions, and (iv) identify the specific privileges, protections, or doctrines of immunity from disclosure that apply. If privilege, protection, or immunity is not claimed over the entirety of the inadvertently disclosed Material, the Party (or Non-Party) that disclosed it shall provide a redacted version no later than seven (7) days after first becoming aware of the inadvertent disclosure. Any Party (or Non-Party) asserting the privilege, protection, or immunity of any inadvertently disclosed Material shall at all times during the pendency of this action maintain copies of the Material at issue that are sufficient to accommodate an *in camera* review of the Material by the Court.

(c) <u>Obligations of Parties Possessing Potentially Privileged Material</u>: If a Party receives a "CLAWBACK NOTICE," it shall refrain from reviewing the Material except as necessary to ascertain that it contains privileged information or attorney work product. If a Party has not received a "CLAWBACK NOTICE" but otherwise realizes that it possesses any Material originating from another Party (or non-Party) that appears on its face to be subject to the attorney-client privilege or attorney work-product doctrine, it shall refrain from reviewing the Material except as necessary to ascertain that it contains privileged information or attorney work product and promptly give notice (as set forth in Section 17 below) to the Producing Party that (i) identifies the Material at issue (by production Bates number, if applicable) and (ii) requests prompt confirmation or denial of whether the Producing Party intends to assert a claim of privilege over the Material. Within seven (7) days of giving such notice or of receiving a CLAWBACK NOTICE, the Party possessing the potentially privileged Material shall take reasonable steps to collect and destroy

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

all copies of the Material at issue, provided that a Party shall not be required to destroy Material located on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, data stored in system-generated temporary folders or near-line storage, and/or unstructured departed employee data. A Party's duty to collect potentially privileged Material subject to a CLAWBACK NOTICE includes notifying all individuals that received the Material from the Receiving Party of the CLAWBACK NOTICE and requesting such individuals destroy all copies of the Material at issue. A Party's compliance with its obligation to destroy potentially privileged Material pursuant to this subsection does not constitute a waiver or impairment of its right to challenge any claim or privilege, protection, or immunity from disclosure before the Court.

(d)     Professional Responsibility Preserved:  The terms of this Section 8 are not intended to, and do not, supersede any applicable rules of professional ethics or responsibility in connection with the treatment of privileged or potentially privileged information.

(e)     Motion Practice:  The Parties (or, if applicable, Non-Parties) shall meet and confer to the extent required under Local Rule 37-1 *et seq.* prior to filing any motion regarding a challenge to an assertion of privilege, protection, or immunity from disclosure.  If the challenge is not resolved within fourteen (14) days of the date on which the request to meet and confer was first made (as set forth in Section 17, below), the Party challenging the assertion of privilege, protection, or immunity from disclosure shall promptly move for appropriate relief from the Court.  The Party (or Non-Party) asserting privilege, protection, or immunity from disclosure shall bear the burden of supporting its assertion.  All motion practice will comply with the procedures and deadlines set in Local Rule 37-1 *et seq.*  Nothing in this subsection shall prevent the Parties from submitting a stipulated alternative briefing schedule to the Court for approval.  As an alternative to formal motion practice under this subsection, the Party challenging the assertion of privilege, protection, or immunity

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

from disclosure may request that the Party (or Non-Party) asserting privilege, protection, or immunity submit the Material at issue to the Court, under seal, for *in camera* review in connection with an informal discovery conference.

(f) <u>Treatment of Material While a Challenge Is Pending</u>: Material giving rise to any motion regarding an assertion of privilege, protection, or immunity from disclosure shall continue to be treated as privileged, protected, and immune unless and until the Court orders otherwise or the Party (or Non-Party) asserting the privilege, protection, or immunity agrees otherwise.

**9. Limitations on Use of and Access to Protected Information**

(a) <u>Limitations on Use</u>: All non-public information produced in this litigation, including Protected Information, may be used only in connection with the prosecution, defense, appeal, or attempted settlement of this action, and not for any other purpose.

(b) <u>Court Access to Protected Information</u>: Protected Information designated under this Order may be disclosed to the Court and any authorized Court personnel.

(c) <u>Limitations on Access to Confidential Information (*e.g.*, Material designated CONFIDENTIAL)</u>: Unless otherwise ordered by the Court or authorized in writing by the Designating Party, Confidential Information may be disclosed only to the following persons provided that they have reviewed this Order and executed a consent form substantially identical to Exhibit A to this stipulation:

  (i) the Parties to this action and their counsel, including both in-house and outside counsel, as well as current officers, directors, and employees of corporate Parties;

  (ii) outside counsel's employees;

  (iii) former officers, directors, and employees of corporate Parties;

  (iv) the Parties' insurers, including the insurers' support staff and service organizations;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

(v)    court reporters taking testimony and deposition videographers recording testimony and their support personnel;

(vi)    Experts retained by counsel for assistance with respect to this action and their employees;

(vii)    any mediator or arbitrator engaged by the Parties to this action;

(viii)    litigation support vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings and their employees;

(ix)    any individual who either prepared Material that has been designated as Confidential Information or who is identified on the face of such Material as a recipient of the Material through means other than the discovery process in this action; and

(x)    any other person agreed to in writing or on the record by the Designating Party.

(d)    <u>Limitations on Access to Highly Confidential Information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>: Unless otherwise ordered by the Court or authorized in writing by the Designating Party, Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed only to the following persons provided that they have reviewed this Order and executed a consent form substantially identical to Exhibit A to this stipulation:

(i)    the Receiving Party's outside counsel of record, as well as employees and staff of said outside counsel of record to whom it is reasonably necessary to disclose the information;

(ii)    Janet Kornblatt, General Counsel of SCAN Health Plan;

(iii)    Andrea Leeb, Vice President, Legal of SCAN Health Plan;

(iv)    any person the Designating Party identifies to provide testimony on behalf of the Designating Party pursuant to Federal Rule of Civil Procedure 30(b)(6);

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

14

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

(v) any mediator or arbitrator engaged by the Parties to this action;

(vi) any individual who either prepared the Material that has been designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or who is identified on the face of such Material as a recipient of the Material through means other than the discovery process in this action; and

(vii) Experts to whom disclosure is reasonably necessary for this action and their employees;

(viii) court reporters taking testimony and deposition videographers recording testimony and their support personnel;

(ix) litigation support vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings; and

(x) any other person agreed to in writing or on the record by the Designating Party.

(e) <u>Information Already Known</u>: Nothing herein shall be deemed to prohibit discussions of Protected Information with any person(s) who already has or obtains lawful and legitimate possession thereof from a source other than the Designating Party.

(f) <u>Working Copies and Analyses of Confidential Materials</u>: Subject to Section 10 below, nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, and/or analyses of Protected Information solely for use in connection with this action, but such working copies, abstracts, digests, and/or analyses shall be deemed to have the same level of protection as the Protected Information from which they derive.

(g) <u>Failure to Maintain Limitations on Access</u>: In the event any Protected Information is disclosed, through inadvertence or otherwise, to any person(s) to whom disclosure is not authorized by this Order, then the Party directly responsible for such disclosure shall take reasonable best efforts to bind such person(s) to the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

terms of this Order and shall, as soon as practicable, but in any event no longer than three (3) business days after discovery of the disclosure: (i) inform such person(s) of all the provisions of this Order, (ii) request that such person(s) sign a consent form substantially identical to Exhibit A to this stipulation, (iii) request that such person(s) return and/or destroy all copies of the Protected Information, and (iv) give notice to the Designating Party (as set forth in Section 17, below) of the Material disclosed and the person(s) to whom it was disclosed.

## 10. Treatment of PHI

(a) <u>Treatment of Unredacted Material</u>: Any Material containing unredacted PHI shall be labeled CONFIDENTIAL. In addition to the Limitations on Access to Protected Information set forth in Section 9 above, each Party agrees to disclose PHI only to those individuals who have a need to know the information to assist counsel in connection with this action. If a Receiving Party realizes that it possesses any Material that appears on its face to contain PHI that is not labeled CONFIDENTIAL, the Receiving Party shall promptly give notice (as set forth in Section 17 below) to the Designating Party that (i) identifies the Material at issue (by production Bates number, if applicable) and (ii) requests prompt confirmation or denial of whether the Material contains PHI. In the event the Material contains PHI, the Designating Party shall (i) modify the Legend of the Material, and (ii) no later than seven (7) days following receipt of the notice, provide the Receiving Party with a version of the Material with such modified Legend.

(b) <u>Option to Redact PHI</u>: A Producing Party may, but is not required to, redact PHI in a manner that renders the relevant Material incapable, on its own or in combination with other Material, from being used to identify the individual(s) whose PHI is at issue. Such redactions may be applied before the production of the relevant Material to another Party, provided (i) that such redactions do not prejudice the Receiving Party and (ii) the redactions are clearly labeled to reflect that they apply to PHI (*e.g.*, through a redaction label such as "PHI"). Any disputes regarding

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
LOS ANGELES

16

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

redactions implemented pursuant to this subsection shall be resolved pursuant to Section 6, above. The redaction of PHI does not, in itself, prevent any Material from treatment or designation as Protected Information under the terms of this Order.

(b) <u>Filing Procedure for PHI</u>: The Parties agree to file only PHI that a Party reasonably determines to be necessary to prove or disprove a Party's position. All other PHI shall be removed or redacted prior to filing any Material with the Court, such that no unnecessary PHI shall be filed with the Court, even under seal. The Parties agree to file any Material containing PHI under seal pursuant to Civil L.R. 79-5.

**11. Procedures for Approving or Objecting to Disclosure of Protected Information or Items to Experts.**

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 8(d)(vii) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding four years,[1] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

17

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

testimony at a deposition or trial, during the preceding four years.[2]

     (b)    A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

     (c)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 *et seq.* (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

     In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

---

[2] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

18

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

## 12.    Filing, Hearing, and Trial Procedure

(a)    <u>Filing Procedure</u>:  If a Receiving Party wishes to file with the Court any Protected Information for which the Receiving Party is not the Designating Party, the Receiving Party must give the Designating Party notice of intent to file that Protected Information (as set forth in Section 17, below) at least twenty-four (24) hours in advance of the filing, and provisionally lodge the Protected Information under seal with the Court.  If the Designating Party wishes to keep the Protected Information under seal, it shall seek an appropriate order pursuant to Local Rule 79-5 within fourteen (14) days or as otherwise ordered by the Court.  If the Designating Party fails to file a timely application to keep the Protected Information under seal, or if the Court denies such an application, then the Receiving Party shall file the same Protected Information that was previously lodged conditionally under seal in the public record—provided that the Receiving Party shall not (1) file the Protected Information in the public record while an application to keep the Protected Information under seal is pending nor (2) file any PHI in the public record.  Mandatory chambers copies shall include a complete version of the Material submitted in connection with each filing, with an appropriate notation identifying Protected Information that has been filed or lodged conditionally under seal.

(b)    <u>Hearing and Trial Procedure</u>:  In advance of hearings or trial, the Parties will meet and confer on the procedures under which Protected Information may be used at such hearings or trial, in consultation with the Court as appropriate.

## 13.    Subpoenas in Other Actions

If a Receiving Party receives a subpoena or other request for the production of any Protected Information in a separate action, it shall promptly give notice to the Designating Party of the subpoena or other request (as set forth in Section 17, below).  The Receiving Party shall be entitled to comply with the subpoena or other request for production, but shall not produce the Protected Information until any of the following occurs: (i) the Designating Party gives its consent to production; (ii)

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

19

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

the Designating Party fails to file a motion to quash or a motion for a protective order prior to the deadline to respond to the subpoena or other request (or, if applicable, the extended deadline agreed by the relevant counsel); or (iii) a court of competent jurisdiction orders the Protected Information to be produced. The Designating Party shall have the burden of moving to quash, moving for a protective order, or otherwise resisting such subpoena or other request for production, and if such a motion is timely made and granted, the Receiving Party shall not produce the Protected Information except as ordered by a court of competent jurisdiction.

**14.    Conclusion of This Action**

(a)    <u>Destruction of Protected Information</u>:  Unless the undersigned counsel agree otherwise in writing, within ninety (90) calendar days after the final conclusion of all aspects of this action by judgment not subject to further appeal or settlement, each Party shall undertake reasonable efforts to ensure that all Protected Information designated by any other Party or Parties (or Non-Party or Non-Parties) has been destroyed.  Upon request from a Designating Party, each Party shall submit a written certification affirming that reasonable steps have been taken to destroy all copies of the Protected Information.  For purposes of this subsection, neither a Party nor its counsel shall be required to destroy any (i) data located on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) data stored in system-generated temporary folders or near-line storage, and/or (iii) unstructured departed employee data; provided that the Parties and their counsel shall destroy all PHI received from any other Party in this case, wherever located.

(b)    <u>Attorney Work Product Excepted</u>:  No Party (nor its counsel) shall have any obligation to destroy anything that (i) constitutes counsel's work product related to this action, (ii) was filed with the Court and/or marked as trial exhibits, or (iii) constitutes deposition transcripts and exhibits, which counsel may retain subject to

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
LOS ANGELES

20

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

the limitations on access and use set forth in this Order; provided that counsel shall destroy all PHI received from any other Party in this case, wherever located.

(c)  <u>Enforcement and Continuing Jurisdiction</u>:  The Parties stipulate to the Court's continuing jurisdiction, after termination of this action, for purposes of enforcing this Order and making any amendments, modifications, deletions, and additions as the Court may deem necessary and appropriate.  The Parties further stipulate that any violation of this Order may be remedied by any and all appropriate measures, which may include, without limitation, appropriate injunctive relief, contempt proceedings, and/or monetary sanctions.  The Parties shall meet and confer to the extent required under Local Rule 37-1 *et seq.* prior to filing any motion regarding any claimed violation of this Order.

(d)  <u>Preservation of Obligations Arising under a BAA</u>:  This Order does not remove, reduce, minimize, or diminish any Party's obligations arising under any Business Associate Agreement or "BAA" that was in force prior to the entry of this Order.  In the event of any conflict or inconsistency between the terms of this Order and the terms of any such BAA, the Parties shall be bound by the provision calling for the more stringent and/or more thorough protection of PHI.

## 15.  Preservation of Objections

In stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to any discovery or disclosure request.  Similarly, no Party waives any right to object to the admissibility or proffered evidentiary use of any Material within the scope of this Order.

## 16.  Modifications

This Order may be amended and superseded by any subsequent order of the Court—on the Court's own motion, upon the stipulation of the Parties, or on other grounds that are appropriate under applicable law.

## 17.  Notices

Notices required to be given under this Order may be made in any manner

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

21

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

authorized by Rule 5 of the Federal Rules of Civil Procedure, provided that notice is also given concurrently by e-mail to counsel of record in this action (and to such other counsel for any Party or Non-Party who makes a request in writing for regular notice).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: November 26, 2019      LATHAM & WATKINS LLP
David J. Schindler
Joseph B. Farrell
R. Peter Durning, Jr.

By: /s/ R. Peter Durning, Jr.
R. Peter Durning, Jr.
Attorneys for Plaintiff
SCAN Health Plan

DATED: November 26, 2019      ARENDSEN CANE MOLNAR LLP
Hamilton E. Arendsen
Christian S. Molnar

By: /s/ Hamilton E. Arendsen
Hamilton E. Arendsen
Attorneys for Defendant
Bradley J. Lina

DATED: November 26, 2019      ESFANDI LAW GROUP, PLC
Seppi Esfandi
Michael D. Poole

By: /s/ Seppi Esfandi
Seppi Esfandi
Attorneys for Defendant
Christopher Joseph Morris

DATED: November 26, 2019      LAW OFFICES OF MIKE PEÑA
Mike Peña

By: /s/ Mike Pena
Mike Peña
Attorneys for Defendants
Erik Perez and Giovani Cruz

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

22

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4 regarding signatures, I hereby attest that the other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: November 26, 2019

/s/ R. Peter Durning, Jr.
R. Peter Durning, Jr.

**PURSUANT TO THE PARTIES' STIPULATION, AND GOOD CAUSE SHOWING, IT IS SO ORDERED.**

DATED: December 5, 2019

_____
The Honorable John E. McDermott
United States Magistrate Judge

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM

## EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____ [print or type full name], of

_____[print or type

full address], declare under penalty of perjury under the laws of the United States of

America that I have read in its entirety and understand the Stipulated Protective

Order ("Order") that was entered on _____[date] by the United

States District Court for the Central District of California, Western Division, in the

case of *SCAN Health Plan v. Lina, et al.*, No. 2:16-cv-06257-MWF-JEM.

I agree to comply with and to be bound by all the terms of this Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Order to any person or

entity except in strict compliance with the provisions of this Order.

I understand and agree that all PHI as defined in the Order, is subject to state

and federal statutory and regulatory privacy and security standards, including but

not limited to the Health Insurance Portability and Accountability Act of 1996

("HIPAA"), the Health Information Technology for Economic and Clinical Health

Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S.

Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the

"HIPAA Rules").

By executing this Acknowledgement and Agreement to be Bound, I agree that

I will only use or disclose any Protected Information in connection with this case

only for prosecuting, defending, or attempting to settle this litigation or to comply

with judicial process or any applicable statute or regulation. I also agree that I will

develop, implement, maintain, and use appropriate administrative, technical and

physical safeguards to preserve the privacy, integrity, and confidentiality of any

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

Protected Information, and to prevent non-permitted use or disclosure of any Protected Information I receive from any person in connection with this case.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Dated: _____

City and State (or Country) where sworn and signed: _____

Signed: _____

Printed name: _____

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:16-CV-06257-MWF-JEM