UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SCAN HEALTH PLAN, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRADLEY JOSEPH LINA, an individual, CHRISTOPHER JOSEPH MORRIS, an individual, ERIK PEREZ, an individual, GIOVANI CRUZ, an individual, NEWLAND ADAM'S INSURANCE AGENCY LLC, a California company, and JOHN DOE 7 THROUGH 10, whose true names are unknown,<br><br>Defendants. | CASE NO. 2:16-cv-06257-MWF-JEM<br><br>The Honorable Michael W. Fitzgerald<br><br>**ORDER GRANTING STIPULATED INJUNCTION RELATING TO DEFENDANT ERIK PEREZ** |

///
///
///
///
///
///
///

# **ORDER**

Upon stipulation of Plaintiff SCAN Health Plan ("**SCAN**") and Defendant Erik Perez ("**Perez**") (collectively, the "**Parties**"), the Court hereby GRANTS the Parties' submitted Stipulated Injunction Relating to Defendant Erik Perez (the "**Stipulated Injunction**"). IT IS HEREBY ORDERED AS FOLLOWS:

1. This Court has personal and subject matter jurisdiction over the Parties.

2. Perez (and any other person or entity acting at his direction, under his control, or on his behalf, who receive actual notice of this Order and Stipulated Injunction by personal service or otherwise) is permanently enjoined from using, for any purpose, any of SCAN's confidential business information, including but not limited to (i) information concerning, relating to, or constituting SCAN's trade secrets; (ii) the identification, contact information, or personal information of SCAN's customers or prospective customers; (iii) any information maintained or stored in any electronic database by SCAN directly or indirectly, (iv) any other information of commercial value received from SCAN directly or indirectly; and/or (v) all types of information set forth in 18 U.S.C. § 1839(3), Cal. Penal Code § 499c(a)(9), Cal. Civil Code § 3426.1(d), and/or Cal. Evidence Code § 1061(a)(1) (collectively, "**SCAN's Confidential Business Information**").

3. No later than 30 days after the filing of the Stipulated Injunction by a Party, Perez shall provide written certification attesting that Perez (and all other persons or entities acting at his direction, under his control, or on his behalf) has returned, destroyed, or otherwise does not and will not have any access whatsoever to any of SCAN's Confidential Business Information (or its duplicates or derivatives), and providing a detailed narrative of the manner in which Perez destroyed, returned, or otherwise ensured that he does not and will not have any such access. Within 7 days after the later of (a) the entry of the Stipulated Injunction and (b) SCAN's receipt of a satisfactory certification from Perez in accordance with this Paragraph 3, SCAN will dismiss Perez without prejudice from the Lawsuit. If

Perez's certification fails to satisfy the requirements of this Paragraph 3, SCAN will meet and confer with Perez or his counsel to discuss what further assurances may be necessary.

4. This Court will retain jurisdiction over this action and over the Parties in order to enforce the terms of the Stipulated Injunction.

IT IS SO ORDERED.

DATED: July 2, 2020

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE